UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE SHARON SYLVESTER,                                CIVIL ACTION
DEBTOR

NO: 21-1083

SECTION: "S" (2)

**ORDER AND REASONS**

This matter is before the court on remand from the United States Court of Appeals for the Fifth Circuit.[1] The Fifth Circuit vacated this court's order affirming the bankruptcy court's award of fees to the trustee. In so ruling, the Fifth Circuit stated that the question regarding fees in this matter was "intertwined" with the award of attorney's fees to the trustee's attorney, which it had previously vacated. Matter of Sylvester, 2022 WL 2357084, at *1 (5th Cir. June 30, 2022) (citing Matter of Sylvester, 23 F.4th 543 (5th Cir. 2022)). It thus remanded the trustee's fee award for reconsideration in light of the attorney's fees ruling.

In affirming the trustee's fee award, this court noted that the bankruptcy court had applied the commission-based scheme for the award of fees to Chapter 7 trustees set forth in section 326 of the Bankruptcy Code. See Matter of JFK Capital Holdings, LLC, 880 F.3d 747, 753 (5th Cir. 2018). Under that provision, a trustee's reasonable compensation is computed as follows and shall not exceed: "25 percent on the first $5,000 or less, 10 percent on any amount in excess of

---

[1] Detailed facts of this case have been set forth in prior orders of the court and thus are not restated here.

$5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and . . . 3 percent of such moneys in excess of $1,000,000." 11 U.S.C. § 326(a). The Fifth Circuit has held that despite the "not to exceed" language in the statute, the percentages allowed are "not simply a maximum but also a presumptively reasonable fixed commission rate to be reduced only in rare instances." JFK Cap. Holdings, 880 F.3d at 753. "Exceptional circumstances" are required to alter the compensation. Id. at 756. A breach of fiduciary duty may qualify as an exceptional circumstance warranting a fee reduction. See Matter of King, 802 F. App'x 133, 138 (5th Cir. 2020).

    In her appeal of the trustee's fee award to this court, debtor Sharon Sylvester argued that exceptional circumstances were present, because the trustee had impermissibly delegated the bulk of her duties to retained counsel. This court disagreed, and accordingly, affirmed the bankruptcy court's commission-based fee award to the trustee on December 29, 2021. In so holding, the court agreed with the bankruptcy court's explicit finding that no exceptional circumstances were present warranting a deviation from the commission-based award.

    On February 7, 2022, the Fifth Circuit vacated the attorney's fee award, finding that the bankruptcy court had applied an improper standard in making its determination. Subsequently, on remand, the bankruptcy court concluded that $605.00 of its prior attorney's fee award was for duties that it was not reasonable or necessary for retained counsel, as opposed to the trustee, to perform. It thus reduced the attorney's fee award from $16,185.00 to $15,580.00. Implicit in this ruling is that an impermissible delegation of trustee duties occurred. However, the bankruptcy court did not state one way or the other whether the impermissible delegation of duties amounted

to a breach of fiduciary duty that would constitute exceptional circumstances justifying a deviation from the com mission-based trustee fee award. While the court observes that the reduction is minimal (less than 4% of the original award), and the conflict of interest that led the King court to find that a breach of fiduciary duty occurred is not present in this case,[2] in an abundance of caution, the court remands this matter to the bankruptcy court to address this factual question. Accordingly,

**IT IS HEREBY ORDERED** that this matter is **REMANDED** to the United States Bankruptcy Court for the Eastern District of Louisiana for further proceedings consistent with this order.

New Orleans, Louisiana, this 25th day of July, 2022.

_____
MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE

---

[2] In King, the trustee allowed his firm to seek unearned fees from the estate. See 802 F. App'x 133, 135 (5th Cir. 2020). In this case, the trustee and her retained counsel are not from the same firm, so the conflict of interest present in King and corresponding potential for abuse is absent.